**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRISELDA ELIZABETH HERNANDEZ MACARIO; et al., | No. 19-71437 |
| Petitioners, | Agency Nos. A209-129-478<br>A209-129-479 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Griselda Elizabeth Hernandez Macario and her minor daughter, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8

U.S.C. § 1252.  We review de novo the legal question of whether a particular

social group is cognizable, except to the extent that deference is owed to the BIA's

interpretation of the governing statutes and regulations.  *Conde Quevedo v. Barr*,

947 F.3d 1238, 1241-42 (9th Cir. 2020). We review factual findings for substantial

evidence.  *Id*. at 1241.  We deny the petition for review.

The BIA did not err in concluding that petitioners' proposed social groups

lacked particularity.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in

order to demonstrate membership in a particular group, "[t]he applicant must

'establish that the group is (1) composed of members who share a common

immutable characteristic, (2) defined with particularity, and (3) socially distinct

within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227,

237 (BIA 2014))); *see also Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th

Cir. 2013) (as to particularity, "[t]he ultimate question is whether a group can

accurately be described in a manner sufficiently distinct that the group would be

recognized, in the society in question, as a discrete class of persons" (citations and

internal quotation marks omitted)); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229

(9th Cir. 2016) (proposed social group was not cognizable, where it could not "be

described with passable distinction that the group would be recognized as a

discrete class of persons").  The record does not support petitioners' contention

19-71437

that the BIA erred in its cognizability analysis.

Substantial evidence supports the determination that petitioners did not otherwise establish that the harm they experienced or fear was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the BIA's denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject petitioners' contention that the BIA failed to consider evidence or otherwise erred in its analysis of their CAT claim. *See Larita-Martinez v. INS,* 220 F.3d 1092, 1096 (9th Cir. 2000) (applicant failed to overcome the presumption that the BIA reviewed the record evidence).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry Nos. 1, 5) is otherwise denied.

**PETITION FOR REVIEW DENIED.**